*458 ORDER
Frances Endencia contracted with ADT Security to monitor the burglar alarm at her veterinary clinic in Streamwood, Illinois. She asserts that the clinic was vandalized—she found a dog dead and blood on another animal’s bedding—and accuses ADT of negligence because it never detected a security breach. Endencia also contends that ADT was somehow responsible for the decision of the Illinois Veterinarian Licensing & Disciplinary Board to suspend indefinitely her license to practice veterinary medicine. She sued ADT in the Circuit Court of Cook County, but ADT removed the action to federal court on the ground of diversity of citizenship. ADT then moved to dismiss, arguing that its only duty to Endencia was contractual and quoting an exculpatory clause in the contract that relieves ADT of liability for damage caused by break-ins. The district court dismissed Endencia’s complaint for failure to state a claim.
As best we can tell, Endencia principally argues on appeal that ADT is liable despite the exculpatory clause. Illinois courts, though, have held that limitations of liability in alarm service contracts are enforceable and consistent with public policy. Chi. Steel Rule & Die Fabricators Co. v. ADT Security Sys., Inc., 327 Ill.App.3d 642, 261 Ill.Dec. 590, 763 N.E.2d 839, 846 (2002); N. River Ins. Co. v. Jones, 275 Ill.App.3d 175, 211 Ill.Dec. 604, 655 N.E.2d 987, 992 (1995). Endencia also contends that her complaint states a claim under 805 III. Comp. Stat. 10/8, but that statute is unrelated to her ease. Finally, she alleges wrongdoing by the Village of Streamwood, but the Village is not a party to this action.
AFFIRMED.